A.Y. STRAUSS LLC
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
James P. Mansfield, Esq.
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel. (973) 287-5006
Fax (973) 226-4104

*Proposed Chapter 11 Counsel
for Cottonwood Vending LLC*

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

ADAM SHERMAN, individually and derivatively
on behalf of COTTONWOOD VENDING LLC

                Plaintiff,

**NOTICE OF REMOVAL**

– against –

ANIELLO ZAMPELLA and COINDADO LLC,

                Defendants,

and

COTTONWOOD VENDING LLC,

                Nominal Party.

-----------------------------------------------------------------X

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK**

**ON NOTICE TO:**

Clerk, United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Clerk, Supreme Court of New York
County of New York
60 Centre Street
New York, NY 10007

Sadis & Goldberg LLP
Douglas R. Hirsch
Jennifer Rossan
Michael A. Davis
551 Fifth Avenue
New York, New York 10076

Cottonwood Vending, LLC, by and through its proposed chapter 11 counsel, A.Y. Strauss LLC, hereby respectfully removes the above-captioned state court action (*ADAM SHERMAN v. ANIELLO ZAMPELLA and COINDADO* ), Index No. 655176/2021 (the "***State Court Action***"), from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C.A. §§ 1334 and 1452, and Fed. R. Bankr. P. Rule 9027.

Defendant Cottonwood Vending, LLC ("***Cottonwood***") seeks to remove the State Court Action to join the State Court Action as part of the bankruptcy proceeding in the matter captioned *In re Cottonwood Vending, LLC*, Case No. 23-43027 (the "***Bankruptcy Proceeding***"), currently pending in the United States Bankruptcy Court for the Eastern District of New York in which Cottonwood is the debtor and debtor in possession in the chapter 11 case. Cottonwood respectfully states as follows:

**BACKGROUND**

A. <u>The State Court Litigation</u>

1. On October 6, 2021, the above-captioned plaintiff ("***Plaintiff***") filed an the State Court Action in the New York State Supreme Court, County of New York (the "***State Court***"), by

filing a complaint, both individually and derivatively on behalf of Cottonwood, the above-captioned defendants (the "*Defendants*") seeking (i) monetary damages against Defendant Aniello Zampella for breach of contract, (ii) a declaratory judgment that he is a 9.9% owner of Cottonwood, (iii) monetary damages, derivatively on behalf of Cottonwood, against Defendants for conversion of software and associated assets, (iv) monetary damages, derivatively on behalf of Cottonwood, against Defendant Aniello Zampella for conversion of Cottonwood's bitcoin, (v) monetary damages, derivatively on behalf of Cottonwood, for misappropriation of trade secrets against Defendants, (vi) monetary damages, derivatively on behalf of Cottonwood, for breach of fiduciary duty against Defendant Aniello Zampella, (vii) monetary damages, derivatively on behalf of Cottonwood, for unjust enrichment against Defendants, (viii) monetary damages, individually, for unjust enrichment against Defendants, (ix) common law dissolution of Cottonwood, (x) statutory dissolution of Cottonwood, (xi) the compulsory buyout of his alleged 9.9% membership interest in Cottonwood.

2. The following is a summary of the relevant facts and allegations: In 2017, Cottonwood hired Sherman part-time to help write software code for Cottonwood's ATMs, based on Sherman's representations of his software development skills and industry connections to help the Debtor overcome regulatory hurdles. The parties discussed the possibility of Sherman being allocated equity in the Debtor but never reached an agreement. Following unsuccessful attempts to sell Cottonwood and shortly before the Debtor's suspension of its operations, Sherman filed the lawsuit alleging ownership of Cottonwood and seeking to dissolve it and appoint a receiver to wind up its affairs or ordering the Debtor's principal to buy Sherman out, as well as alleging derivative claims against the Debtor's principal on behalf of Cottonwood.

3. The parties have conducted fact and expert discovery, and the Note of Issue has not yet been issued.

B.    <u>The Chapter 11 Case</u>

4.    On August 24, 2023 (the "***Petition Date***"), Cottonwood Vending LLC, a debtor and debtor in possession, (the "***Debtor***") commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Eastern District of New York.

5.    The case number is 23-43027 (NHL) and the judge assigned is the Honorable Nancy H. Lord (the "***Chapter 11 Case***").

6.    Also on the Petition Date, the Debtor filed a Declaration of Aniello Zampella which sets forth salient information regarding the Debtor as well as the Debtor's path forward with respect to the Chapter 11 Case [Chapter 11 Case Docket No. 4] (the "***Debtor Declaration***"). A copy of the Debtor Declaration is annexed hereto as **Exhibit A**.

## **BASIS FOR REMOVAL**

7.    Removal of the State Court Action is proper, and this Court has jurisdiction of the State Court Action under 28 U.S.C.A. § 1334(b) and 1452(a) and Fed. R. Bankr. P. Rule 9027, because the State Court Action is a civil proceeding which concerns estate assets and is therefore core under 28 U.S.C § 157(b). To the extent the causes of action asserted are not deemed core, they are within the Court's "related to" jurisdiction under 28 U.S.C. § 1334(b).

8.    Under 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause or cause of action under section 1334 of this title."

9.    28 U.S.C. § 1334(b) vests district courts with jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."

10. 28 U.S.C. § 157(a) allows a district court to refer to the bankruptcy judges "any or all cases under title 11 or any or all proceedings arising under title 11 or arising in or related to a case under title 11."

11. 28 U.S.C. § 157(b)(1) allows bankruptcy judges to "hear and determine all cases under title 11 and all core proceedings under title 11, or arising in a case under title 11." The term "core proceedings" include "matters concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A).

12. Many of the causes of action are brought derivatively on behalf of Cottonwood, and therefore, they belong to Cottonwood's bankruptcy estate, making them core under 28 U.S.C. § 157(b)(2)(A). Also many of the causes of action asserted are assets of the Debtor's estate. Removal is therefore proper.

13. Additionally, to the extent that causes of action are not core, removal is proper pursuant to "related to" jurisdiction under 28 U.S.C. § 1334. Indeed, it is inconceivable that prosecution of the non-core causes of action in the State Court will not have an effect upon the outcome of the Chapter 11 Case. Accordingly, "related to" jurisdiction is present as well.

14. Importantly, the Debtor will be filing in short order a separate a motion to transfer or for change of venue from this court to the United States Bankruptcy Court for the Eastern District of New York so that the removed action may be adjudicated with the Chapter 11 Case.

15. Ultimately, pursuant to 28 U.S.C.A. § 1452, the United States Bankruptcy Court for the Eastern District of New York has jurisdiction over claims asserted in the State Court Action.

16. Pursuant to Fed. R. Bankr. P. Rule 9027(a)(1), upon removal, Cottonwood will consent to entry of final orders or judgment by the bankruptcy judge.

17. Additionally, pursuant to Fed. R. Bankr. P. Rule 9027(a)(1), copies of the process and pleadings in the State Court Action are submitted to this court concurrently with this Notice. *See*, **Exhibit B**.

18. Finally, pursuant to Fed. R. Bankr. P. Rule 9027(b) and (c), respondent is serving simultaneously with this filing a copy of this Notice on the Supreme Court for the State of New York, County of New York, and on all parties.

19. This Notice is timely filed, as it was filed less than 90 days after the filing of the Chapter 11 Case, in accordance with Fed. R. Bankr. P. Rule 9027(a).

Accordingly, the Debtor respectfully submits this Notice of Removal pursuant to 28 U.S.C.A. §§ 1334 and 1452, and Fed. R. Bankr. P. Rule 9027.

Dated: September 7, 2023

**A.Y. STRAUSS LLC**

By: */s/ Eric H. Horn*
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
James P. Mansfield, Esq.
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel. (973) 287-5006
Fax (973) 226-4104

*Proposed Chapter 11 Counsel
for Cottonwood Vending LLC*