**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**COTTONWOOD VENDING LLC,**<br><br>        **Debtor.** | Chapter 7<br>Case No.: 23-43027-nhl |
| **ADAM SHERMAN, individually and derivatively on behalf of COTTONWOOD VENDING LLC,**<br><br>        **Plaintiff,**<br><br>-against-<br><br>**ANIELLO ZAMPELLA and COINDADO LLC,**<br><br>        **Defendants,**<br><br>and<br><br>**COTTONWOOD VENDING, LLC**<br><br>        **Nominal Party.** | Adv. Proc. No. 23-01093-nhl |

<u>**MEMORANDUM OF LAW IN SUPPORT OF ADAM SHERMAN'S MOTION FOR ABSTENTION, REMAND AND RELIEF FROM THE AUTOMATIC STAY**</u>

SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 947-3793
Attorneys for Plaintiff Adam Sherman

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................1

BACKGROUND .................................................1

    A.    The State Court Action ................................................. 1

    B.    Significant Rulings were Adverse to Defendants in the State Court Action ......... 3

    C.    Cottonwood Files for Bankruptcy to Prevent Sherman from Filing the Note of Issue ................................................. 5

RELEVANT PROCEDURAL HISTORY .................................................5

ARGUMENT .................................................6

I.    THE COURT SHOULD APPLY THE DOCTRINES OF PERMISSIVE ABSTENTION AND EQUITABLE REMAND TO THE STATE COURT ACTION .................................................6

    A.    The Effect or Lack Thereof on the Efficient Administration of the Estate if the Court recommends Abstention ................................................. 8

    B.    Predominance of State Law Issues ................................................. 9

    C.    Jurisdictional Basis for Action................................................. 10

    D.    Degree of Relatedness or Remoteness to Main Bankruptcy Case ......................... 10

    E.    Burden on the Court's Docket ................................................. 11

    F.    Forum Shopping................................................. 11

    G.    The Presence of Non-Debtor Parties................................................. 12

II.    THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY SO THAT SHERMAN CAN PROSECUTE THE STATE COURT ACTION .................................................12

CONCLUSION................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*9281 Shore Rd. Owners Corp. v. Seminole Realty Co. (In re 9281 Shore Rd. Owners Corp.),*
214 B.R. 676 (E.D.N.Y. 1997) ...............................................9

*In re Abir,*
No. 09 CV 2817 (SJF), 2010 WL 1169929 (E.D.N.Y. Mar. 22, 2010)...........6, 7, 9

*Anonymous #1 v. Kelsey,*
20-CV-1542 (KMK), 2021 WL 4940997 (S.D.N.Y. July 19, 2021).................9

*In re Anton,*
145 B.R. 767 (Bankr. E.D.N.Y. 1992)...................................12

*Baker v. Simpson,*
613 F.3d 346 (2d Cir. 2010)...........................................10

*In re Bay Point Assocs.,*
No. 07-CV-1492 (JS), 2008 WL 822122 (E.D.N.Y. Mr. 19, 2008) ...............9

*In re Bennett Funding Group, Inc.,*
212 B.R. 206 (2d Cir. 1997) ...........................................12

*Beuchner v. Avery,*
No. 05 Civ. 2074 (PKC), 2005 WL 3789110 (S.D.N.Y. 2005)..................8

*In re Burger Boys, Inc.,*
183 B.R. 682 (S.D.N.Y. 1994)..........................................13

*In re Exeter Holding, Ltd.,*
No. 11-77954, 2013 WL 1084548 (Bankr. E.D.N.Y. Mar. 14, 2013)...........7, 9

*In re Fierro,*
Case No. 1-14-41439-nhl, 2015 WL 3465753 (Bankr. E.D.N.Y. May 29, 2015) ......................................................... *passim*

*In re George Washington Bridge Bus Station Development Venture LLC,*
Case No. 19-13196, 2022 WL 1714176 (Bankr. S.D.N.Y. May 25, 2022)...........8

*In re Keene Corp.,*
171 B.R. 180 (Bankr. S.D.N.Y. 1994) ...................................13

*Libertas Funding, LLC v. ACM Development, LLC*
22-CV-00787 (HG), 2022 WL 6036559 (E.D.N.Y. Oct. 7, 2022) ......................7, 9, 10

*Little Rest Twelve, Inc., v. Visan*,
458 B.R. 44 (S.D.N.Y. 2011)..................................................................................9, 11

*In re Luis Electrical Contracting Corp.*,
165 B.R. 358 (Bankr. E.D.N.Y. 1992)........................................................................7

*In re Mazzeo*,
167 F.3d 139 *(2d Cir. 1999)* ....................................................................................13

*MBNA Am. Bank, N.A. v. Hill*,
436 F.3d 104 (2d Cir. 2006).....................................................................................10

*Osuji v. Federal National Mortgage Assoc.*,
571 B.R. 518 (E.D.N.Y. 2017) ......................................................................7, 10, 11

*In re Pers. Communications Devices, LLC*,
556 B.R. 45 (Bankr. E.D.N.Y. 2016).......................................................................12

*In re Petrie Retail Inc.*,
304 F.3d 223 (2d Cir. 2002).......................................................................................6

*In re Quigley Co.*,
361 B.R. 723 (Bankr. S.D.N.Y. 2007)......................................................................13

*In re Robert Plan Corp.*,
777 F.3d 594 (2d Cir. 2015)......................................................................................10

*In re Sonnax Indus., Inc.*,
907 F.2d 1280 (2d Cir. 1990)..............................................................................12, 13

*In re Taub*,
417 B.R. 186 (Bankr. E.D.N.Y. 2009)............................................................9, 10, 12

*Universal Well Servs., Inc v. Avoco Nat. Gas Storage*,
222 B.R. 26 (W.D.N.Y.) ...........................................................................................11

*Wallace v. Guretzky*,
No. CV-09-0071 (SJF), 2009 WL 3171767 (E.D.N.Y. Sept. 29, 2009).........................7, 9, 10

**Statutes, Rules and Other Authorities**

11 U.S.C. § 362 (d)(1) ...............................................................................................12

28 U.S.C. § 1334........................................................................................... *passim*

28 U.S.C. § 1447(c) ....................................................................................................8

28 U.S.C. § 1452(b) ......................................................................................1, 7, 8, 14

Federal Bankruptcy Rule 1007 ...................................................................................2

Local Bankruptcy Rule 1007-4....................................................................................2

## PRELIMINARY STATEMENT

This case meets all the criteria for permissive abstention and equitable remand pursuant to 28 U.S.C. § 1334 (c)(1) and 28 U.S.C. § 1452(b). There is no reason to keep this case in this Court—it was commenced in state court and is governed exclusively by state law. This case was removed by the Debtor in connection with its sham Chapter 11 filing for the sole purpose of delaying adjudication of creditor Adam Sherman's case—which was and is trial ready. This Court recognized that the Debtor's Chapter 11 case was baseless and converted it to a Chapter 7. Now it should remand Sherman's case back to state court—which oversaw the case for two years and is intimately familiar with the issues—and lift the automatic stay so that Sherman can prosecute his meritorious claims.

## BACKGROUND[1]

### A. The State Court Action

On August 25, 2021, Adam Sherman ("Sherman") initiated an action in Supreme Court, New York County, by filing a Summons with Notice against defendants Aniello Zampella ("Zampella"), Coindado LLC ("Coindado") (collectively, "Defendants") and Cottonwood Vending LLC ("Cottonwood" or the "Debtor") as a nominal defendant (the "State Court Action"). Rossan Decl., Ex. A. The State Court Action was assigned to Justice Andrew Borrok of the Commercial Division. *Id.* at ¶ 4.

---

[1] All exhibit citations are to the exhibits attached to the Declaration of Jennifer Rossan in Support of Adam Sherman's Motion to Abstain and Remand ("Rossan Decl.").

Non-debtor Aniello Zampella ("Zampella") is the sole managing member of Cottonwood. *Id*. at Ex. B, ¶ 1. [2]  Cottonwood is a New York limited liability company. *Id*. at ¶ 9.  Zampella maintains that he owns 100% of Cottonwood.  *Id*. at Ex. B, ¶ 6.

Zampella also maintains that he owns 100% of non-debtor defendant Coindado, LLC ("Coindado").  *Id*. at Ex. B, ¶ 15.

After filing the Summons with Notice, Sherman filed a Complaint on October 6, 2021, and an amended complaint on May 26, 2022 (the "Amended Complaint"). Rossan Decl., Ex. C.

In the Amended Complaint, Sherman brings direct and derivative claims under New York law.  Specifically, the Amended Complaint contains the below claims:

- **Count I:** Individual Claim by Sherman for Breach of Contract against Cottonwood;

- **Count II:** Individual Claim by Sherman against Cottonwood for Declaratory Judgment that Sherman owns 9.9% of Cottonwood;

- **Count III:** Derivative claim on behalf of Cottonwood for Conversion of Software and Associated Assets against Coindado;

- **Count IV:** Derivative claim on behalf of Cottonwood for Conversion of Bitcoin against Zampella;

- **Count V:** Derivative claim on behalf of Cottonwood for Misappropriation of Trade Secrets against Coindado;

- **Count VI:** Individual claim by Sherman for Breach of Fiduciary Duty against Zampella;

---

[2] The Declaration of Aniello Zampella Pursuant to Federal Bankruptcy Rule 1007 and Local Bankruptcy Rule 1007-4 in Support of the Debtor's Chapter 11 Petition is annexed as Exhibit B to the Rossan Decl.

- **Count VII:** Derivative claim for Unjust Enrichment on behalf of Cottonwood against Zampella and Coindado[3]

- **Count VIII:** Individual claim by Sherman for Unjust Enrichment against Cottonwood and Zampella;

- **Count IX:** Individual Claim for Common Law Dissolution of Cottonwood;

- **Count X:** Individual Claim for Statutory Dissolution of Cottonwood;

- **Count XI:** Individual Claim for Equitable Buyout of Sherman's 9.9% interest in Cottonwood;

- **Count XII:** An Accounting against Zampella.

- **Count VIII:** Individual claim by Sherman for Unjust Enrichment against Cottonwood and Zampella;

- **Count IX:** Individual Claim for Common Law Dissolution of Cottonwood;

- **Count X:** Individual Claim for Stautory Dissolution of Cottonwood;

- **Count XI:** Individual Claim for Equitable Buyout of Sherman's 9.9% interest in Cottonwood;

- **Count XII:** An Accounting against Zampella.

*Id*. at Ex. C, ¶¶ 55-123.

### B.    *Significant Rulings were Adverse to Defendants in the State Court Action*

Sherman and Defendants had several discovery disputes in the State Court Action.

---

[3] Misidentified as "Cottonwood" in the heading of Count VII of the Amended Complaint.

In the Amended Complaint, Sherman brought a derivative claim for conversion on behalf of the Debtor against Zampella, based on his withdrawal of 180 Bitcoin from the Debtor on December 14, 2018. *Id.* at Ex. C, ¶¶ 44-48; 75-79.

In the State Court Action—as in this Chapter 7 case—Zampella contends that he was entitled to take the 180 Bitcoin from the Debtor because it was partial repayment of a "loan" of 763.433 Bitcoin he allegedly made to the Debtor in 2016. *Id.* at Ex. B, ¶ 12.

The only documentation produced by Zampella to support his claim that he loaned the Debtor 763.433 Bitcoin was a promissory note dated June 16, 2017. *Id.* at Ex. B at Ex. A. Though Zampella claims to have loaned the Bitcoin in 2016, the promissory note is dated June 16, 2017. *Id.*

In addition to the 180 Bitcoin that Zampella took from the Debtor in 2018, Zampella also took an additional 105 Bitcoin from the Debtor in 2021. *Id.* at Ex. B, ¶ 22.

Based on Zampella's admission that he took the above-referenced Bitcoin from the Debtor, in the State Court Action Sherman moved to compel production of documents to support Zampella's claim that the Bitcoin he took from the Debtor was repayment of Bitcoin owed to him. Zampella opposed the motion to compel. Rossan Decl. at ¶ 7.

By order dated February 23, 2023, Justice Borrok granted Sherman's motion to compel (the "February Order"). Rossan Decl., Ex. D.

Defendants failed to produce the documents in accordance with Justice Borrok's order. Rossan Decl. at ¶ 9.

As a result, on March 14, 2023, Justice Borrok issued a supplemental order awarding Sherman a conclusive presumption that the above-referenced Bitcoin transfers to Zampella were property of the Debtor and that any such transfers were wrongful (the "March Order"). Justice

Borrok also ruled that Sherman's attorneys Sadis & Goldberg LLP ("Sadis") was entitled to its attorneys' fees incurred in connection with the successful motion to compel. Rossan Decl., Ex. E.

A hearing on the Sadis attorneys' fees was scheduled for October 11, 2023, before Special Referee Joseph P. Burke in Supreme Court, New York County. Rossan Decl. at ¶ 11.

### C. *Cottonwood Files for Bankruptcy to Prevent Sherman from Filing the Note of Issue*

Pursuant to the scheduling order in the State Court Action, Sherman's Note of Issue ("NOI") was to be filed on August 25, 2023, and his summary judgment motion (if any) was to be filed within thirty days of the NOI. *Id.* at Ex. G.

On August 24, 2023, Cottonwood filed a Chapter 11 petition in the Bankruptcy Court in the Eastern District of New York, which stayed the entire State Court Action. Rossan Decl., ¶ 13.

### RELEVANT PROCEDURAL HISTORY

On September 7, 2023, the State Court Action was removed by Defendants to the United States District Court for the Southern District of New York. The Hon. John G. Koeltl transferred it to the United States District Court for the Eastern District of New York, which then referred it to this Court. *Id.* at ¶ 14, Ex. G.

On October 23, 2023, Sherman moved to dismiss the Chapter 11 case (the "Motion to Dismiss"). ECF Dkt. No. 30.

On October 23, 2023 creditor Jason Penner filed a joinder to Sherman's Motion to Dismiss (ECF Dkt. No. 31) and on October 26, 2023 creditor Robert Taylor filed a joinder to Sherman's Motion to Dismiss. ECF Dkt. No. 37.

On November 9, 2023, Cottonwood filed its objection to the Motion to Dismiss. ECF Dkt. No. 43.

After a lengthy hearing held on November 16, 2023, the Court converted Cottonwood's Chapter 11 case to one under Chapter 7. ECF Dkt. No. 47.

On November 28, 2023, Richard McCord was appointed as the Chapter 7 trustee (the "Trustee"). ECF Dkt. No. 49.

By order dated February 16, 2024, the Court denied Cottonwood's motion for reconsideration of the order converting the case to a Chapter 7. ECF Dkt. No. 72.

On March 7, 2024, the Court held a pre-trial conference in the State Court Action, now an adversary proceeding in the main Chapter 7 case. At the conference, both Sherman and the Trustee requested that the State Court Action (now an adversary proceeding) be scheduled for trial as soon as possible. In response to the requests for a trial date, the Court indicated that it was inclined to exercise its discretion and permissively abstain and remand the State Court Action back to state court for trial, because the state court was the proper forum to adjudicate Sherman's claims. Rossan Decl. ¶ 21.

## ARGUMENT

### I.  THE COURT SHOULD APPLY THE DOCTRINES OF PERMISSIVE ABSTENTION AND EQUITABLE REMAND TO THE STATE COURT ACTION

Under 28 U.S.C. § 1334 (c)(1), the Bankruptcy Court may permissibly abstain from an adversary proceeding. *See* 28 U.S.C. § 1334 (c)(1). ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11…"). The Second Circuit has indicated that such abstention "is within the sound discretion of the bankruptcy court." *In re Abir*, No. 09 CV 2817 (SJF), 2010 WL 1169929, at *7 (E.D.N.Y. Mar. 22, 2010) (citing *In re Petrie Retail Inc*., 304 F.3d 223, 232 (2d Cir. 2002)).

In deciding whether to permissibly abstain, the Bankruptcy Court may consider:

> (1) the effect or lack thereof on the on the efficient administration of the [bankruptcy] estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Id.* at *7 *(*quoting *In re Luis Electrical Contracting Corp.,* 165 B.R. 358, 368 *(*Bankr. E.D.N.Y. 1992)). The court is not required to consider each of these factors, and may permissibly abstain where only some of them favor abstention. *Osuji v. Federal National Mortgage Assoc.,* 571 B.R. 518 (E.D.N.Y. 2017) (affirming Bankruptcy Court's decision to permissively abstain based on five of the twelve factors) *(*citing *Wallace v. Guretzky,* No. CV-09-0071 (SJF), 2009 WL 3171767, at *2 (E.D.N.Y. Sept. 29, 2009) (affirming permissive abstention that was based on four of the twelve factors)).

"Section 1452(b) provides another basis for abstention that applies specifically to removed cases, allowing a federal court to remand claims to state court 'on any equitable ground.'" *Libertas Funding, LLC v. ACM Development*, LLC, 22-CV-00787 (HG) (MMH), 2022 WL 6036559, at *3 (E.D.N.Y. Oct. 7, 2022) (quoting 28 U.S.C. § 1452(b)). "A court's decision to 'remand is both permissible and advisable where a removed action was pending in state court prepetition and where the federal court has determined to abstain.'" *In re Fierro*, Case No. 1-14-41439-nhl, 2015 WL 3465753, at *3 (Bankr. E.D.N.Y. May 29, 2015) (quoting *In re Exeter Holding, Ltd*., No. 11-77954, 2013 WL 1084548, at *7 (Bankr. E.D.N.Y. Mar. 14, 2013)). "The test under 28 U.S.C. 1452(b) to determine whether to remand 'on any equitable ground' is virtually the same as the test for permissive abstention under 28 U.S.C. § 1334(c)(1)." *Id.* (citing *In re Exeter Holding,* 2013

WL 1084548, at *7) (noting that once a court has decided to permissively abstain from a removed action, the appropriate resolution is usually remand back to the state court).[4]

Here, factors (1), (2), (5), (6), (9), (10) and (12) all favor permissive abstention and equitable remand.

### A.     The Effect or Lack Thereof on the Efficient Administration of the Estate if the Court recommends Abstention

This factor favors permissive abstention and equitable remand. Sherman asserted derivative claims on behalf of the Debtor. Rossan Decl., Ex. C at ¶¶ 69-90, 97-101. These claims are trial-ready and are before Justice Borrok, who oversaw the litigation for two years and is extremely familiar with all of the issues in the case. So, if this case were remanded, the derivative claims could be prosecuted on behalf of the estate *now*. Because abstention and remand would promote the efficient conclusion of the Chapter 7 case, this Court should exercise its discretion and remand it to the state court. *Fierro*, 2015 WL 3465753, at *3 (permissive abstention would further the efficient administration of the bankruptcy estate where the state court was more familiar with the case and could therefore adjudicate the issues more quickly than the Bankruptcy Court); *Beuchner v. Aver*y, No. 05 Civ. 2074 (PKC), 2005 WL 3789110, at *5 (S.D.N.Y. 2005) (remanding case where pursuit of action in state court would promote the efficient conclusion of the Chapter 7 case).

Further, this case is a Chapter 7. And, two of the defendants are non-debtors. Because there is no reorganization plan that would be affected by the State Court Action, this Court should abstain and remand the case back to state court. *In re George Washington Bridge Bus Station Development Venture LLC*, Case No. 19-13196 (D.S.J.), 2022 WL 1714176, at *9 (Bankr.

---

[4] A motion to remand on equitable grounds pursuant to 28 U.S.C. § 1452(b) is not subject to the thirty-day time period that governs requests for remand made pursuant to 28 U.S.C. § 1447(c). *Fierro*, 2015 WL 3465753, at *4 n.4.

S.D.N.Y. May 25, 2022) (permissive abstention and equitable remand appropriate in adversary proceeding where main bankruptcy case was a Chapter 7 because "no possibility that reorganization efforts could be hindered by the lawsuit.").

### B.     Predominance of State Law Issues

Courts in the Second Circuit frequently cite the second factor—the extent to which state law issues predominate over bankruptcy issues—as one of the more compelling reasons for permissively abstaining. *See, e.g., Abir*, 2020 WL 1169929, at *8; *Fierro*, 2015 WL 3465753, at *3; *Wallace*, 2009 WL 3171767, at *2; *In re Bay Point Assocs.*, No. 07-CV-1492 (JS), 2008 WL 822122, at *4 (E.D.N.Y. Mr. 19, 2008); *In re Exeter Holding, Ltd.*, 2013 WL 1084548, at *5 (Bankr. E.D.N.Y. Mar. 14, 2013); *In re Taub*, 417 B.R. 186, 194 (Bankr. E.D.N.Y. 2009).  It is well-settled that  state courts have the greatest interest in resolving issues of state law.  *Libertas,* 2022 WL 6036559, at *6 (citing *Anonymous #1 v. Kelsey*, 20-CV-1542 (KMK), 2021 WL 4940997, at *4 (S.D.N.Y. July 19, 2021)).

As set forth *supra*, in the Amended Complaint, Sherman brings claims for, *inter alia*, breach of contract, breach of fiduciary duty, misappropriation of trade secrets, conversion and unjust enrichment, all brought exclusively under New York law.  Rossan Decl., Ex. C, ¶¶ 55-105.  The Amended Complaint is devoid of any citations to federal law.  *Id*.  So, this factor undisputably favors abstention.  See *Libertas,* 2022 WL 6036559, at *6 ("State law issues clearly predominate over any conceivable federal issues is this case because Plaintiff's complaint asserts solely state law claims."); *Little Rest Twelve, Inc., v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011) (upholding abstention where, *inter alia*, "the cases contain[ed] exclusively state claims with little, if any, relevance to federal law."); *9281 Shore Rd. Owners Corp. v. Seminole Realty Co. (In re 9281 Shore Rd. Owners Corp.)*, 214 B.R. 676, 696 (E.D.N.Y. 1997) (granting equitable remand where (1) expertise of state court would effect a more efficient estate administration since state court

judges were more familiar with state law claims involved, (2) claims were not governed by federal law such that state law necessarily predominated in the removed action, and (3) comity considerations dictated that "federal courts should be hesitant to exercise jurisdiction when 'state issues substantially predominate.'")

### C.    *Jurisdictional Basis for Action*

The fifth factor, the basis for the Bankruptcy Court's jurisdiction, also favors abstention and remand, because the only basis for the Bankruptcy Court's jurisdiction over the State Court Action is 28 U.S.C. § 1334(b).   ECF Dkt. No. 40.   See *Osuji*, 571 B.R. at 523 (affirming Bankruptcy Court's finding that jurisdiction based on § 1334(b) favors remand) (citing *Wallace*, 2009 WL 3171767, at *3; *Taub,* 417 B.R. at 194)).

### D.    *Degree of Relatedness or Remoteness to Main Bankruptcy Case*

The sixth factor also favors abstention and remand.   "Core proceedings are those that are found to be 'arising under' the Bankruptcy Code or 'arising in' a bankruptcy case."   *In re Robert Plan Corp.*, 777 F.3d 594, 596 (2d Cir. 2015) (quoting *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108-109 (2d Cir. 2006)). "Proceedings 'arising under' the Bankruptcy Code are those 'that clearly invoke substantive rights created by federal bankruptcy law.'"   *Id*. (quoting *MBNA Am. Bank*, 436 F.3d at 108-09).   "Proceedings 'arising in' a bankruptcy case are those 'claims that are not based on any right expressly created by [the Bankruptcy Code,] but nevertheless, would have no existence outside of the bankruptcy.'"   *Id*. at 596-97 (quoting *Baker v. Simpson*, 613 F.3d 346, 350-51 (2d Cir. 2010)).   Sherman's claims arise under the state law of New York—not the Bankruptcy Code—and are based on events and agreements that preceded Cottonwood's bankruptcy filing by years.   So, Sherman's claims exist entirely independent of the Code and the bankruptcy case.   *See Libertas*, 2022 WL 6036559, at *4.   Because the degree of relatedness of

Sherman's claims to the bankruptcy case are remote, this factor favors permissive abstention and remand. *See Universal Well Servs., Inc v. Avoco Nat. Gas Storage*, 222 B.R. 26, 31 (W.D.N.Y.).

### E.      Burden on the Court's Docket

At the pre-trial hearing on March 7, 2024, when Sherman and the Trustee requested a trial date, the Court referred to its extremely busy docket and noted its lack of familiarity with the issues in the State Court Action compared to that of the state court judge, who oversaw the case for two years before the Debtor's bankruptcy filing.  This factor favors abstention and remand.

### F.      Forum Shopping

The tenth favor favors abstention and remand where an action "produce[s] an unmistakable impression of forum-shopping."  *Visan*, 458 B.R. at 60.  In *Visan*, the court found that the defendants forum-shopped when they removed a state court action to the Bankruptcy Court "to avoid the state forum…shortly before the state court judge was about to issue a decision" on an important motion. *Id.*      And in *Osuji v. Federal National Mortgage Association*, 571 B.R. 518 (E.D.N.Y. 2017), the District Court affirmed the Bankruptcy Court's finding that the appellant engaged in forum shopping when he filed suit in the Bankruptcy Court only after he received several unfavorable rulings in a closely related state-court proceeding.  *Osuji*, 571 B.R. at 524. Here, it is undisputed that Zampella received several unfavorable rulings in the State Court Action—most importantly, a decision holding that Zampella failed to prove that he ever made a loan to Cottonwood and therefore his withdrawals of bitcoin from Cottonwood were not repayment of the purported loan.  Rossan Decl., Ex. E.  And, it is undisputed that Cottonwood's sham Chapter 11 petition was filed the night before Sherman was to file his Note of Issue.  Rossan Decl., ¶¶ 13-14.  These actions are clear evidence of forum-shopping, and this factor favors abstention.

### G.    The Presence of Non-Debtor Parties

Two of the defendants in the State Court Action—Zampella and Coindado—are non-debtors.  At the March 7 pre-trial conference, this Court *sua sponte* raised the issue of permissive abstention based, *inter alia*, on the presence of these two non-debtor defendants.   This factor favors abstention.  *In re Taub*, 417 B.R. 186, 197 (E.D.N.Y. 2009) (fact that all defendants were non-debtor parties weighed in favor of abstention).

All of the factors above weigh in favor of sending the State Court Action back to the state court—the forum in which it was originally brought. So, this Court should permissibly abstain and remand the State Court Action back to state court.

## II.    THE COURT SHOULD GRANT RELIEF FROM THE AUTOMATIC STAY SO THAT SHERMAN CAN PROSECUTE THE STATE COURT ACTION

This Court has broad discretion to grant relief from the automatic stay.  *Fierro*, 2015 WL 3465753, at *4 (citing I*n re Bennett Funding Group, Inc*., 212 B.R. 206, 212 (2d Cir. 1997).   The automatic stay can be modified "for cause."  11 U.S.C. § 362 (d)(1). Once the movant shows that "cause" exists to modify the stay, the burden shifts to the debtor to demonstrate that there is insufficient "cause."  *Id*. (citing *In re Anto*n, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992).   Though "cause" is not defined in the Bankruptcy Code, "the desire to continue litigation in another forum may constitute 'cause' under appropriate circumstances."  *In re Pers. Communications Devices, LLC*, 556 B.R. 45, 59 (Bankr. E.D.N.Y. 2016) (citing *Fierro*, 2015 WL 3465753, at *4).

In the Second Circuit, courts consider twelve factors (the "*Sonnax* Factors") to determine whether cause exists to lift the automatic stay to allow a stayed proceeding to continue in state court.  *In re Sonnax Indus., Inc*., 907 F.2d 1280, 1286 (2d Cir. 1990).  The twelve factors are:

> (1)whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the

debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interest of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of the harms.

*Id.* Not all twelve *Sonnax* factors are relevant in every case (*In re Quigley Co.*, 361 B.R. 723, 743-44 (Bankr. S.D.N.Y. 2007), nor is the movant required to satisfy all twelve to obtain stay relief. *Fierro*, 2015 WL 3465753, at *4 (citing *In re Mazzeo*, 167 F.3d 1*39, 143 (2d Cir. 1999).* "[O]nly those factors relevant to a particular case need be considered…and the Court need not assign them equal weight." *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994) (citing *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994)). Most importantly, "[t]he court should weigh the particular circumstances of each case to reach the solution that is most just to all parties." *Fierro,* 2015 WL 3465753, at *4 (citing *Keene,* 171 B.R. at 183).

Here, the *Sonax* factors weigh in favor of granting relief from the automatic stay to allow Sherman to prosecute his claims in the state court. Sherman's case is trial ready—the state court oversaw the litigation for two years and is extremely familiar with the issues. So, the state court is therefore in a better position to expeditiously decide Sherman's claims. And, if Sherman's case were to proceed, it would benefit the Debtor's other creditors because adjudication of the derivative claims would benefit the Debtor's estate. Stay relief would also assist in the expeditious and economical resolution of litigation and the balance of the harms weighs in favor of lifting the stay—there is no prejudice to Defendants if the State Court Action proceeds to trial. On the contrary, Sherman has been prejudiced because the Debtor's sham Chapter 11 filing served its intended purpose—it has prevented Sherman from litigating the trial-ready State Court Action.

## **CONCLUSION**

For the foregoing reasons, the Court should abstain pursuant to 28 U.S.C. § 1334(c)(1),

remand the State Court Action to Supreme Court, New York County pursuant to 28 U.S.C.A. §

1452(b) and grant Sherman relief from the automatic stay to prosecute the State Court Action.

Dated: New York, New York          SADIS & GOLDBERG LLP
       March 14, 2024

                                       /s/ Jennifer Rossan
                              By: Douglas R. Hirsch, Esq.
                                  Jennifer Rossan, Esq.
                                  551 Fifth Avenue, 21st Floor
                                  New York, New York 10176
                                  Telephone: (212) 947-3793
                                  Email: dhirsch@sadis.com
                                         jrossan@sadis.com

                                  *Attorneys for Plaintiff Adam Sherman*